# UNITED STATES DISTRICT COURT
for the
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PEDRO ANTONIO AQUINO-EUFRACIA | Mag. No. 20-mj-10067<br><br>**20-2250-MJ-MCALILEY** |

## ARREST WARRANT

**To:** Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay:

**PEDRO ANTONIO AQUINO-EUFRACIA,**

who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment  ❏ Superseding Indictment  ❏ Information  ❏ Superseding Information  ☑ Complaint
❏ Probation Violation Petition  ❏ Supervised Release Violation Petition  ❏ Violation Notice  ❏ Order of the Court

This offense is briefly described as follows:

> Conspiring to launder monetary instruments and engage in monetary transactions in property derived from specified unlawful activity, contrary to 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1957(a), in violation of 18 U.S.C. §§ 1956(h) and 2.

Date: February 14, 2020

_____
HON. MICHAEL A. HAMMER
United States Magistrate Judge

City and State: Newark, New Jersey

---

**Return**

This warrant was received on *(date)* _____, and the person was arrested on; _____ *(date)*

Date: _____

_____
*Arresting Officer's Signature*

_____
*Printed name and title*

**20-2250-MJ-MCALILEY**

# United States District Court
## District of New Jersey

| | |
|---|---|
| UNITED STATES OF AMERICA | : **FILED UNDER SEAL** |
| v. | : Mag. No. 20-mj-10067 |
| PEDRO ANTONIO AQUINO-EUFRACIA | : **CRIMINAL COMPLAINT** |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

SEE ATTACHMENT A

I further state that this Complaint is based on the following facts:

SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

Special Agent Drew C. Gizzi,
U.S. Drug Enforcement Administration

Sworn to before me and signed in my presence.

Date: February 14, 2020

HON. MICHAEL A. HAMMER
United States Magistrate Judge

City and State: Newark, New Jersey

## **ATTACHMENT A**

## **COUNT ONE**
(Conspiracy to Commit Money Laundering)

From in or around April 2016 through in or around July 2018, in the District of New Jersey, and elsewhere, the Defendant,

**PEDRO ANTONIO AQUINO-EUFRACIA,**

did knowingly and intentionally conspire and agree with other persons, known and unknown,

> (1) to conduct and attempt to conduct financial transactions in and affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity—that is, conspiracy to distribute and possess with intent to distribute a controlled substance—knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i); and

> (2) to knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and which is derived from specified unlawful activity—that is, conspiracy to distribute and possess with intent to distribute a controlled substance, contrary to Title 18, United States Code, Section 1957(a).

In violation of Title 18, United States Code, Sections 1956(h) and 2.

## ATTACHMENT B

I, Drew C. Gizzi, am a Special Agent with the United States Drug Enforcement Administration ("DEA"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Because this complaint is being submitted for the limited purpose of establishing probable cause, I have not set forth each and every fact that I know concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause. Unless specifically indicated, all dates, times, and transaction amounts referenced herein are approximate, and all conversations and statements described are related in substance and in part.

1. The DEA and the Internal Revenue Service-Criminal Investigation have been investigating a large-scale, international Money Laundering Organization ("MLO") with networks of co-conspirators based in New Jersey, Florida, the Dominican Republic, and other locations. The investigation has revealed that the MLO facilitates the transfer of cash proceeds of illegal drug sales (the "cash drug proceeds") from the United States to drug trafficking organizations with ties to the Dominican Republic, Colombia, and elsewhere.

2. The MLO uses a number of methods to conceal the nature, source, ownership, and control of the cash drug proceeds in order to avoid scrutiny by law enforcement and banking institutions. A common method used by the MLO to launder cash drug proceeds involves recruiting individuals to take the cash drug proceeds to banks in which they hold accounts and purchase cashier's checks made payable to companies and individuals dictated by the MLO. Unlike a personal check, the funds for a cashier's check are guaranteed by the bank, not by an individual account holder. As a result, the beneficiary of the check is guaranteed to have the funds available immediately without waiting for the check to "clear" the bank.

3. Another method used by the MLO to launder cash drug proceeds is to convert the cash into virtual currency, including bitcoin. "Virtual currency" is a digital representation of value that can be traded and functions as a medium of exchange; a unit of account; and/or a store of value, but does not have legal tender status in any jurisdiction. Virtual currency generally is not issued or guaranteed by any jurisdiction or government, and its value is decided by consensus within the community of users of the virtual currency. Bitcoin is a type of virtual currency. Bitcoins are generated and controlled through computer software operating via a decentralized, peer-to-peer network. Bitcoin exist primarily as units of an Internet-based form of currency.

4. The investigation has revealed that certain co-conspirators, including co-conspirator one ("CC-1") and co-conspirator two ("CC-2")

2

coordinate money laundering activities on behalf of the MLO in New Jersey, Florida, and elsewhere. At the direction of high-ranking members of the MLO, CC-1 and CC-2 have picked up millions of dollars in cash drug proceeds in and around New Jersey, New York, Florida, and elsewhere from other co-conspirators who are affiliated with drug trafficking organizations. CC-1 and CC-2 then divide the cash into smaller amounts and distribute it to the other co-conspirators with instructions to purchase cashier's checks. The MLO's leadership directs CC-1 and CC-2 regarding how many checks to purchase with the cash drug proceeds, the amount of each check, and the payee for each check.

5. The investigation has also revealed that the Defendant, Pedro Antonio Aquino-Eufracia ("AQUINO"), agreed to accept large sums of cash drug proceeds from CC-2 and to convert the cash into virtual currency as directed by the MLO. The investigation, including a review of lawfully-obtained mobile communications and other electronic evidence, has revealed that on at least two occasions in April and May, 2018, AQUINO agreed to accept large sums of cash drug proceeds from CC-2 and then converted the cash into virtual currency. A high-ranking member of the MLO directed AQUINO to deposit the virtual currency into virtual "wallets" specified by the MLO. The purpose of these transactions was to conceal the nature, location, source, ownership, and control of the cash drug proceeds.

6. Based on a review of banking and other records, the investigation has revealed that between in or around September 2016 through in or around August 2017, at the direction of the MLO, CC-1 used cash drug proceeds totaling approximately $98,126.00 to purchase (or conspired with others to purchase) at least four cashier's checks payable to Your Choice Auto Broker, a company based in Florida and owned and operated by AQUINO. The checks were purchased at bank branches in New Jersey and deposited into accounts held in the name of Your Choice Auto Broker and controlled by AQUINO.

7. In addition, on or about July 17, 2018, law enforcement officers were conducting surveillance outside a residence in the area of NW 12th Avenue in Miami, Florida (the "Miami Residence"). The officers observed CC-2 and another individual leave the Miami Residence. CC-2 was carrying a black bag. Officers then observed CC-2 deliver the black bag to AQUINO, who was driving a red pick-up truck with a Florida license plate. A check of the Florida motor vehicle database revealed that the vehicle license plate was not valid.

8. Soon thereafter, law enforcement conducted a traffic stop of the red pick-up truck driven by AQUINO. In the back seat, officers saw two black plastic bags. A canine trained to detect narcotics alerted positively for traces of narcotics on both bags. Upon inspection, law enforcement determined that one bag contained approximately $8,000 in U.S. currency. The other bag contained a shoe box, which contained approximately $140,000 in U.S. currency. Later

on July 17, 2018, law enforcement seized approximately $117,529 in U.S. currency concealed in a backpack from other co-conspirators who were seen leaving the Miami Residence. Thereafter, law enforcement conducted a lawful search of the Miami Residence and discovered an additional $70,256 in U.S. currency and an electronic money counting machine.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Mag. No. 20-mj-10067 |
| v. | : |
| PEDRO ANTONIO AQUINO-EUFRACIA | : **SEALING ORDER** |

This matter having come before the Court upon the application of the United States of America (Jonathan M. Peck, Assistant United States Attorney, appearing), for an order sealing the Complaint and arrest warrant issued on this date, and good cause having been shown,

IT IS on this 14th day of February, 2020,

ORDERED that, except for such copies of the arrest warrant as are necessary to accomplish its purpose, the Complaint, arrest warrant, and all other documents filed in this matter be and hereby are SEALED until the arrest warrants are executed or until further order of the Court, whichever first occurs.

_____
HON. MICHAEL A. HAMMER
United States Magistrate Judge